Circuit Court of Cuyahoga County.

CHARLOTTE M. PHILLIPS v. THE PROVIDENT LIFE & TRUST
COMPANY ET AL.

Decided, December 26, 1910.

The dismissal of an appeal by the appellant will be set aside at the
direction of the court, if it appears that any other party to the ap-
pealed case will be unreasonably or unfairly prejudiced by such
dismissal.

*John J. Sullivan,* for plaintiff in error.
*A. A. Lamson* and *Stearns, Chamberlain & Royan,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

A motion is interposed here by the plaintiff in this appeal to
vacate the order of dismissal entered upon application by the
plaintiff at a former day in the present term of court. That
order was made without notice to the plaintiff, appellee, upon
the theory that the defendant, appellant, had the absolute right
to dismiss his appeal at will. The plaintiff now urges that great
injustice will be done her if this practice is allowed to prevail
in the case before us. The action was originally commenced by
her in the court of common pleas to recover the amount of a
policy of insurance upon her husband's life, issued to the latter
in his lifetime by the defendant, the Provident Life & Trust Co.
The appellant here was made co-defendant, because the plaintiff
since her husband's death had assigned said policy to the Glen-
ville Bank, of which the appellant is the trustee in insolvency.
In order to recover from the insurer, the plaintiff is obliged,
of course, to have her assignment set aside. This she seeks to
do upon the ground that the assignment was fraudulently pro-
cured. Upon the trial below she failed to obtain this prere-
quisite relief, and judgment was had upon the policy assigned,
as aforesaid, by her to the Glenville Bank, in favor of the latter
and against the defendant, the Provident Life & Trust Com-
pany.

For some reason not fully explained, the trustee of the Glenville Bank saw fit to appeal from this judgment generally.   This he did under the statute, without having to file any appeal bond. Upon further investigation he concluded that he could gain nothing by his appeal and thereupon he dismissed the same here in open court, and entry was made accordingly.   Meanwhile, however, the time within which the plaintiff might have appealed has elapsed.   She apparently relied upon the appeal taken by the defendant trustee, and hence took no steps to perfect an independent appeal on her part.   She desires a review of the case on appeal by this court, but if the appellant's dismissal of his appeal is allowed to stand, she is left without remedy.

We have re-examined the right of an appellant voluntarily to dismiss his appeal.   The subject was under consideration by this court in the case of *Monjou* v. *Local No. 106 Hotel and Restaurant Employes, etc.*, decided December 16, 1907.   We there said in the opinion by Winch, J.:

"The question in the precise form we have it here, has never been passed upon in the reported cases.   The practice, however, seems to have the sanction of the Supreme Court in the case of *Irwin* v. *Lloyd,* 65 O. S., 55.

"However, upon the claim of the plaintiff that he would be greatly prejudiced by a dismissal of the appeal in this court, and because of the lack of authorities upon the proposition first considered, we have examined the order made by the common pleas court and are prepared to say that if the defendants are satisfied with it, the plaintiff has no cause to complain."

The weight of authority in other jurisdictions seems to be to the effect that the right of an appellant voluntarily to dismiss his own appeal is qualified, in that the right can be exercised only in the discretion of the court, and this discretion is directed in its exercise to the determination of the question whether or not any other party to the appeal will be unreasonably or unfairly prejudiced by such dismissal.

Inasmuch as the practice in this state has not been clearly settled to the contrary by the Supreme Court, we shall vacate the order of dismissal hitherto entered herein because of the

manifest prejudice which will occur to Mrs. Phillips if the appellant trustee is permitted to abandon his appeal.

Motion granted and order of dismissal vacated.